UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSHUA WARD,

                Plaintiff,

    v.

N. BREITENBACH, *et al.*,

                Defendants.

Case No. 3:25-cv-00338-MMD-CLB

ORDER

I.    **SUMMARY**

*Pro se* Plaintiff Joshua Ward, who is incarcerated in the custody of the Nevada Department of Corrections, filed this civil rights action under 42 U.S.C. § 1983. The operative complaint in this case is Plaintiff's first amended complaint (ECF No. 9 ("FAC")), as supplemented by the supplemental complaint (ECF No. 19). The Court screened the FAC and the supplemental complaint, found that Plaintiff states colorable Eighth Amendment claims for deliberate indifference to serious medical needs regarding certain medical conditions, and stayed the case to allow the parties an opportunity to settle their dispute with the assistance of a court-appointed mediator. (ECF Nos. 14, 18.) The Court also deferred consideration of Plaintiff's motions for injunctive relief (ECF Nos. 6, 10, 11) pending the mediation. (ECF No. 14 at 13-14.) On January 20, 2026, the parties participated in a mediation and did not reach a settlement. (ECF No. 20.) Plaintiff then filed a second motion for leave to file a supplemental complaint, along with a second proposed supplemental complaint. (ECF Nos. 21, 21-1.) The Court now addresses Plaintiff's pending motions.

///

///

///

## II.    MOTION FOR SUPPLEMENTAL PLEADING

In the second proposed supplemental complaint, Plaintiff seeks to add two new retaliation claims against two new Defendants—Officer Etchenberry and Sgt. Odea—based on events that allegedly occurred on January 14, 2026. (ECF No. 21-1.)

Pursuant to Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Supreme Court has held that Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). "While leave to permit supplemental pleading is 'favored,'. . . it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations omitted).

The Court denies Plaintiff's motion for leave to file a supplemental complaint. (ECF No. 21.) The second proposed supplemental complaint alleges that Officer Etchenberry retaliated against Plaintiff by harassing him for wearing a beanie and taking a copy of a Court order from Plaintiff's cell. (ECF No. 21-1 at 3-4.) It also alleges that Sgt. Odea retaliated against Plaintiff by improperly investigating Plaintiff's emergency grievance on the incident with Etchenberry and issuing Plaintiff a notice of charges for false reporting. (*Id.* at 5-6.) These proposed claims are not related to Plaintiff's preexisting claims of deliberate indifference to serious medical needs, so the Court finds that the proposed second supplemental complaint is an attempt to introduce a separate, distinct, and new cause of action. If Plaintiff would like to pursue the claims in the proposed second supplemental complaint, he is free to do so by filing a separate complaint under a new case number.

2

## III.    MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff's first motion for injunctive relief is a request for a preliminary injunction that would require Defendants to schedule and arrange appointments for Plaintiff with a wide range of outside medical providers and specialists. (ECF No. 6 at 1.) This motion includes a supporting memorandum (*id.* at 28-32), supporting exhibits (id. at 4-20), and supporting declarations (*id.* at 21-27, 33-35). The second motion is a "renewed" version of the first motion that focuses on Plaintiff's alleged cardiac condition. (ECF No. 10 at 1.) And the third motion is a request for a temporary restraining order ("TRO") pending the issuance of the preliminary injunction requested in the first and second motions. (ECF No. 11.) Plaintiff also submitted another supporting declaration with the second and third motions. (ECF No. 12.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "[P]laintiff[s] seeking a preliminary injunction must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Moreover, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies Plaintiff's motions for preliminary injunctive relief without prejudice. As an initial matter, the TRO motion (ECF No. 11) does not comply with Rule 65(b)(1)(B), in that Plaintiff did not certify "in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Instead, Plaintiff essentially argues that notice is unnecessary because his medical needs are serious, and Defendants have delayed and denied him treatment. (ECF No. 11 at 2.) Regardless of

the substance of his claims, however, Plaintiff cannot bypass the procedural requirements of Rule 65, so he has not shown that a TRO is warranted at this time.

As for Plaintiff's motions for a preliminary injunction (ECF Nos. 6, 10), his requested relief is both too broad and too vague to issue injunctive relief at this stage in the case. Plaintiff asks the Court to order Defendants to schedule and arrange appointments with outside providers for examinations that "include but [are] not [] limited to": "x-rays, EEG, MRI, Ultrasounds, full panel blood work, surgery, rehabilitation, therapy, pain and medication management, orthopedic, cardiac, neural cancer screening and specialists, any prescribed treatment plans, medications or supplies, follow ups, consultations or recommendations, dietary recommendations, and any necessary requirements from such specialists or providers." (ECF No. 6 at 1.) Plaintiff does not clearly explain why such broad and untargeted treatment with outside providers is necessary to prevent irreparable injury or is narrowly drawn, and the Court is not required to sift through Plaintiff's filings to construct arguments on his behalf. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). The Court therefore denies Plaintiff motions for a preliminary injunction without prejudice.

## IV.    CONCLUSION

It is therefore ordered that Plaintiff's motion for leave to file a second supplemental complaint (ECF No. 21) is denied. If Plaintiff wishes to pursue the claims in the proposed second supplemental complaint (ECF No. 21-1), he may do so by filing a separate complaint under a new case number.

It is further ordered that Plaintiff's motions for a TRO (ECF No. 11) and a preliminary injunction (ECF Nos. 6, 10) are denied without prejudice.

DATED THIS 5th Day of February 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE