UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSHUA ROY WARD,<br><br>                              Plaintiff,<br><br>        v.<br><br>N. BREITENBACH, *et al.*,<br><br>                              Defendants. | Case No. 3:25-cv-00338-MMD-CLB<br><br>ORDER |

**I.      SUMMARY**

*Pro se* Plaintiff Joshua Roy Ward, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights action under 42 U.S.C. § 1983, alleging constitutional violations related to his health care while he was housed at Lovelock Correctional Center ("LCC"). Before the Court is United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 39 ("R&R")), recommending that the Court deny Ward's motion for a preliminary injunction (ECF No. 29 ("Motion"))[1]. Ward timely filed an objection (ECF No. 45 ("Objection")) and Defendants responded (ECF No. 46)[2].

**II.     DISCUSSION[3]**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

---

[1]Defendants responded to the Motion (ECF No. 30), and Ward filed a reply (ECF No. 36).

[2]Ward filed a reply to Defendants' response to his Objection. (ECF No. 47) without seeking leave of court.  *See* LR IB 3-2(a) ("Replies [to objection] will be allowed only with leave of court.") Accordingly, the Court will strike Ward's reply brief.

[3]The Court incorporates by reference and adopts Judge Baldwin's recitation of the factual background and procedural history in the R&R. (ECF No. 39 at 1-2.)

timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Ward filed his Objection.

In the R&R, Judge Baldwin recommends denying Ward's Motion to the extent he seeks treatment for lupus because this request has no connection to his underlying claims. (ECF No. 39 at 5.) Judge Baldwin notes that in the Ninth Circuit "a party seeking preliminary injunctive relief must demonstrate that the preliminary relief sought is of the same character as that which may be granted finally." (*Id.* at 5 (quoting *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citation modified)).) Since Ward's FAC and supplemental complaint do not mention lupus and Ward did not explain how his request for lupus testing is connected to his underlying claims, Judge Baldwin finds that the Court lacks jurisdiction to grant the requested relief as to lupus. (*Id.*)

Additionally, Judge Baldwin recommends denying Ward's Motion because Ward argues that the Court should order NDOC to provide (1) treatment for his alleged seizure disorder; and (2) testing and treatment for colon cancer, but none of the relevant factors under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) [4] weigh in his favor. (*Id.* at 5-12.) In addition to her careful analysis under the *Winter* factors, and as relevant to Ward's Objection, Judge Baldwin additionally reviews Ward's medical records and notes "Ward may not actually suffer from seizures," Ward was not ignored as he alleges, and there is no indication in the record that Ward suffers from anything more than constipation. (*Id.* at 7, 11.)

---

[4] A plaintiff seeking a preliminary injunction must establish that he is (1) likely to succeed on the merits, (2) likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. 555 U.S. at 9.

### A.    Seizure Disorder

Ward objects[5] to Judge Baldwin's recommendation as to his likelihood of success on the merits, claiming that "defendants have denied him medical care" which "shows an unquestioned and serious deprivation of the basic human need to medical care." (ECF No. 45 at 2.) He further objects to Judge Baldwin stating that the evidence indicates he may not suffer from seizures. (*Id.* at 5-6.)

The Court agrees with Judge Baldwin. As Judge Baldwin explains in the R&R, to prevail on a deliberate indifference claim, Ward must satisfy both an objective and subjective standard. (ECF No. 39 at 6.) Ward states in his Motion that "the claims made in the complaint and its supplement each demonstrate that the defendants violated plaintiff's constitutional rights" and that Defendants are "fully aware of his numerous severe medical needs and irrefutably have denied him any kind of relevant medical treatment." (ECF No. 29 at 7.) But as Judge Baldwin explains, Ward does not state how he is likely to prevail under the relevant legal standard. Ward attempts to clarify in his Objection, stating that the objective prong is met because "an unquestioned and serious deprivation of basic human needs is present," citing to *Rhodes v. Chapman*, 45 U.S. 337, 347 (1981). But as Judge Baldwin explains, and the Court agrees, Ward's medical records cut against his claims. Indeed, Judge Baldwin notes that Ward underwent "three MRIs, twelve ECGs, one echo, and a host of labs" that yielded normal test results. (ECF No. 39 at 7.) Indeed, Ward himself previously stated that he suffered from "pseudo-seizures," and his medical records note that it was "obvious. . . a major contributor to this situation is malingering." (ECF No. 32-1 at 11, 84.)

Ward objects that "at least three doctors conclude Ward suffers from seizures." (ECF No. 45 at 6.) But as Judge Baldwin correctly explained, "a mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference."

---

[5]Ward also raises other objections, including that he did review his file on November 23, 2025, but these objections do not affect the outcome of the Court's decision.

(ECF No. 39 at 7 (citation modified) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).) This is true for differences of medical opinion between medical professionals. *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012). The Court agrees with Judge Baldwin that Ward has failed to meet his burden to show likelihood of success on the merits.

Ward additionally objects to Judge Baldwin's finding that the other *Winter* prongs[6] weigh against issuing a preliminary injunction particularly because the evidence demonstrates that Ward does not appear to suffer from seizures. (ECF No. 39 at 8-9.) Ward insists that he "does suffer from clonic tonic seizures and requires further testing to determine the seizure type." (ECF No. 45 at 20.) However, the Court need not address the other *Winter* factors because Ward cannot satisfy even the first factor. Moreover, as discussed herein, Ward's medical records do not indicate that he suffers from seizures. Accordingly, the Court agrees with Judge Baldwin that the balance of the equities does not tip in Ward's favor if he is given redundant testing for a medical issue he does not have, and the public interest is not served by wasting resources on such testing.

### B.    Colon Cancer

Ward objects[7] to Judge Baldwin's finding as to his likelihood of success on the merits because he demonstrates "'some' chance of success." (ECF No. 45 at 10.) Ward

---

[6]As to the second *Winter* prong, Ward objects to Judge Baldwin's findings that his reliance on *Elrod v. Burns*, 427 U.S. 347 (1967) is not misplaced and that he has never affirmatively declined treatment for seizures. (ECF No. 45 at 15-18.) The Court finds that Judge Baldwin is correct that *Elrod* is inapposite. The Court notes with concern the allegation that Ward did not know about his April 23, 2025 MRI, and Marks falsified the file by noting that Ward cancelled the appointment. (*Id.* at 17.) Nonetheless, the Court agrees with Judge Baldwin that Ward fails to meet his burden as to the likelihood of irreparable harm because his Motion asserts only vague, speculative harms. (ECF No. 39 at 8.)

[7]Judge Baldwin notes in the R&R that Ward's claims as to colon cancer are likely barred under the Prison Litigation Reform Act. (ECF No. 39 at 10.) Ward objects that his claims are exhausted because he submitted a correction to the infirmary and further steps were made unavailable to him because John Doe 5 threatened him with extraction. (ECF No. 29 at 9-10.) The Court declines to address this objection because Judge Baldwin clearly stated that the Court would "assume for the purposes of its analysis that this claim is not barred by the PLRA." (ECF No. 39 at 10.)

claims that he can satisfy the subjective prong of deliberate indifference because Defendants knew of serious, obvious risks to his health and were deliberately indifferent. (*Id.* at 13.) In particular, Ward alleges that he submitted a kite on May 8, 2026, seeking medical attention for seizures and kidney pain, and then requested "man-downs" on May 8, 2025 and May 20, 2025 that medical denied. (*Id.* at 10-11.) After going to medical on May 23, 2025, he was prescribed milk of magnesia and instructed to eat a high fiber diet, and nothing further was done for his pain until December 2025 when an x-ray was ordered, notwithstanding that he informed a nurse that he has a familial history of cancer. (*Id.* at 11-12.)

The Court agrees with Judge Baldwin. First, as Judge Baldwin correctly explains, a preliminary injunction is an extraordinary and drastic remedy and is never awarded as of right. (ECF No. 39 at 3.) As explained in the R&R and above, under *Winter*, a plaintiff must show that he is likely to succeed on the merits—not that he has "some" likelihood of success. Moreover, the Court agrees with Judge Baldwin that Ward is unlikely to satisfy the subjective prong of the deliberate indifference standard. Ward's medical records do not indicate that Defendants knew of and disregarded a serious risk to his health. To the contrary, medical responded to Ward's May 9, 2025 kite and asked if he would like medical attention. (ECF No. 32-1 at 44.) Ward was seen by medical after his May 23, 2025 "man-down" and records indicate that he walked to medical without difficulty and had "no abdominal tenderness." (*Id.* at 9.) His records also note his "pattern of calling multiple man-downs" despite that he was an "otherwise healthy individual." (*Id.* at. 83.)

Ward further objects to Judge Baldwin's findings as to the other *Winter* factors. As to irreparable harm, Ward insists the record does not lack support for his statement that he has symptoms aligned with colon cancer because he has verbally requested treatment and been denied. (ECF No. 45 at 18.) He also contests Judge Baldwin's conclusion that the balance of the equities and public interest weigh against Ward because the record indicates he has constipation and may be malingering. (*Id.* at 20.) In response Ward challenges that he has nothing to gain from pretending to be sick with cancer symptoms.

(*Id.* at 20.) The Court cannot find that Ward has presented a compelling objection and met his burden based on these assertions.

### C.      Lupus

Ward objects that there is a connection between his lupus claims and his underlying claims because claims 5 and 6 have "been mistaken as claims for abdominal pain." (ECF No. 45 at 13.) Ward insists that "both regard having cardiac related problems. . . deep vein thrombosis as well as chronic chest pains." (*Id.*) The Court agrees with Judge Baldwin. As an initial matter, the Court disagrees with Ward's assertion that his claims have been mistaken as claims for abdominal pain. His claims in the supplemental complaint complain of "chest/abdominal pains," deep vein thrombosis, and cardiac issues. (ECF Nos. 16 at 9-10; ECF No. 18 at 4-6 (screening complaint and discussing the same).) But whether Ward's claims relate to abdominal pain or chest pain, the Court agrees with Judge Baldwin that Ward's FAC and supplemental complaint do not discuss lupus, nor does he explain how they relate to lupus in his Motion or Objection.

The Court finds that Judge Baldwin is correct in her determination that Ward is not entitled to a preliminary injunction and will therefore deny his Motion.

### III.    CONCLUSION

It is therefore ordered that Ward's Objection (ECF No. 45) to Judge Baldwin's Report and Recommendation is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 39) is adopted in full.

It is further ordered that Ward's Motion for Preliminary Injunction (ECF No. 29) is denied.

DATED THIS 4th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE