**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSHUA ROY WARD,

                        Plaintiff,

    v.

N. BREITENBACH, *et al.*,

                     Defendants.

Case No. 3:25-CV-00338-MMD-CLB

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND DEFAULT JUDGMENT**

[ECF No. 49]

On June 2, 2026, Plaintiff Joshua Roy Ward ("Ward") filed a motion titled "Request for Judicial Notice and Request for Default Judgement on Defendant Brian Egerton." (ECF No. 49.) For the reasons discussed below, Ward's motion, (ECF No. 49), is granted in part and denied in part.

Ward's motion seeks the Court take judicial notice of the "failure of service of summons" on Egerton and to enter a default judgment against him for failure to file an answer to Ward's complaint. (ECF No. 49.) Ward explains the procedural history of this case, including the service deadline of May 7, 2026, and how his incarceration means he requires the assistance of the U.S. Marshals to effectuate service of process. (*Id.* at 1-2.) Ward then concludes by stating that because Egerton did not file an answer, the Court should enter a default judgment against him in Ward's favor. (*Id.* at 1-3.)

Default judgments are permitted by Federal Rule of Civil Procedure 55. There are two steps involved in obtaining a default judgment.

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*J & J Sports Productions, Inc. v. Chikiss Botanas N' Beer, LLC*, No. 2:18-cv-745-JCM-VCF, 2020 WL 2559941, at *1 (D. Nev. May 20, 2020) (citing *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006)). The clerk of the court enters a party's

default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Without proof that a party was properly served, the Court may not enter default, which is "appropriate only in extreme circumstances." *Lal v. California*, 610 F.3d 518, 525 (9th Cir. 2010).

In this case, the Court issued an order directing the Attorney General's Office to indicate whether they would accept service on behalf of the defendants in this case. (ECF No. 24 at 2.) That order explicitly stated that if the Attorney General's Office did not accept service on behalf of any defendants, "*Plaintiff* shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s)." (ECF No. 24 at 2 (emphasis added).) Thus, the Court's order clearly stated that it was *Ward's* responsibility to file a motion seeking service upon Egerton by the U.S. Marshal. Ward did not file such a motion and consequently Egerton was not served, as Ward acknowledges in his motion for judicial notice and default judgment. Consequently, Ward's motion is denied to the extent he seeks that a default judgment be entered against Egerton because he was not properly served. *Lal*, 610 F.3d at 525.

However, considering Ward's *pro se* status, the Court will construe the instant motion as a motion for extension of the service deadline and to serve Egerton. First, as to the deadline for service, the Court finds good cause exists to extend the deadline based on Ward's misunderstanding of the Court's prior service order. Thus, the deadline to provide proof of service for Egerton is now August 4, 2026. Ward is reminded that if Egerton is not served by August 6, 2026, he will be dismissed for failure to complete service of process pursuant to Fed. R. Civ. P. 4(m). Finally, the Court grants Ward's motion for service of process on Egerton.

**IT IS THEREFORE ORDERED** that Ward's motion, (ECF No. 49), is **GRANTED IN PART** and **DENIED IN PART** as follows:

- Ward's motion is **GRANTED** to the extent it seeks an extension of the

service deadline and service of process by the U.S. Marshals.

- Ward's motion is **DENIED** to the extent it seeks a default judgment against Egerton.

**IT IS FURTHER ORDERED** that proof of service for Brian Egerton is now due on or before **August 4, 2026**.

**IT IS FURTHER ORDERED** that the Clerk shall **ISSUE** a summons for Brian Egerton and send the same to the U.S. Marshal with the address provided under seal. (ECF No. 27.) The Clerk shall also **SEND** sufficient copies of the complaint, (ECF No. 9), the supplemental complaint, (ECF No. 19), the screening order, (ECF No. 18), and this order to the U.S. Marshal for service on Brian Egerton. The Court will separately provide to the U.S. Marshal a completed USM 285 form for Brian Egerton.

**IT IS SO ORDERED**.

**DATED**: June 8, 2026.

**UNITED STATES MAGISTRATE JUDGE**

3