**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JOSHUA ROY WARD,<br>Plaintiff,<br>v.<br>N. BREITENBACH., *et al.*,<br>Defendants. | Case No. 3:25-CV-00338-MMD-CLB<br>**ORDER**<br>[ECF No. 65] |

Currently pending before the Court is Plaintiff Joshua Roy Ward's ("Ward") motion to compel discovery. (ECF No. 65.) Defendants Nethanjah Breitenbach, Kara LeGrand, Dana Marks, Erin Parks, Nathan Wake, and Kenneth Williams (collectively "Defendants") responded, (ECF No. 67), and Ward replied, (ECF No. 68). For the reasons stated below, Ward's motion to compel discovery, (ECF No. 65), is denied.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ward is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Lovelock Correctional Center ("LCC"). (ECF No. 19 at 1.) Ward is proceeding *pro se* on multiple Eighth Amendment deliberate indifference to serious medical needs claims against Defendants for allegedly failing to properly treat Ward's seizure disorder, fractured finger, abdominal pain, and mental health conditions. (ECF Nos. 9, 19.)

Relevant to the present discovery dispute, on May 4, 2026, the Court issued the scheduling order requiring all discovery responses to be served within 30 days after the request is served. (ECF No. 44 at 3.) On or around May 5, 2026, Ward served interrogatories for Williams and requests for production of documents for Breitenbach and Williams. (ECF No. 65 at 1-2.) On or around May 18, 2026, Ward served requests for admission for Marks and Parks. (*Id*. at 1.) Defendants' responses to all forementioned discovery requests were mailed to Ward on September 17, 18, and 21, 2026. (ECF No.

67 at 2.)

On May 26, 2026, Ward filed a separate motion to compel requesting Defendants provide their untimely initial disclosures and the Court issue sanctions. (ECF No. 48.) On July 22, 2026, the Court held a telephonic hearing granting Ward's motion and ordering Defendants to provide initial disclosures within one week. (ECF No. 60.) The Court also extended all discovery deadlines by 120 days and directed Defendants to confer with Ward about additional discovery disputes. (*Id.*) Defendants complied. (ECF No. 61.)

On August 5, 2026, Defendants met with Ward and agreed to provide all pending discovery within two weeks. (ECF No. 67 at 3.) As mentioned, Defendants' outstanding discovery responses were not mailed to Ward until September 17, 18, and 21 of 2026. (*Id*. at 2.)

On September 22, 2026, Ward filed this motion to compel, requesting the Court to compel responses to: (1) Williams's interrogatories; (2) Parks's and Marks's requests for admissions; and (3) Williams's and Breitenbach's requests for production. (ECF No. 65.) Ward additionally requested sanctions for Defendants' failure to provide timely responses and obey a court order. (*Id*.)

On October 6, 2026, Defendants filed a response acknowledging the untimeliness of their responses and explaining the circumstances surrounding the delay, including medical issues resulting in a change of attorney. (ECF No. 67.) Further, Defendants argued: (1) the motion to compel is now moot as the requested discovery has been provided; (2) remaining disputes should be addressed through the meet and confer procedure; (3) counsels' illness and transition mitigate the remedy; (4) terminating sanctions would be disproportionate; and (5) the Court should permit withdrawal or amendment of the admissions. (*Id*.)

Ward replied and acknowledged receipt of Defendants' responses but argued: (1) the requested discovery is insufficient; (2) meet and confer requirements are met; (3) withdrawal of admissions is improper; and (4) harsher sanctions are warranted. (ECF No. 68.)

## II. LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized,

conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## III. DISCUSSION

In his motion to compel, Ward seeks various discovery, including Defendants' responses to requests for production, requests for admission, and interrogatories. Each is discussed in turn.

### A. Interrogatories and Requests for Production

A motion to compel discovery may be denied as moot when the opposing party complies with the discovery requests. *Slone v. Dept. of Ariz. Corrections*, 308 Fed.Appx. 110, 111 (9th Cir. 2009) ("The district court did not abuse its discretion by denying Slone's motion to compel discovery as moot after the defendants complied with the discovery request"). Ward filed his motion to compel on September 22, 2026. (ECF No. 65.) However, Defendants assert responses to his discovery requests were provided on September 17, 18, and 21, 2026. (ECF No. 67 at 7.) Ward concedes he received the discovery requests.[1] (ECF No. 68 at 3.) Therefore, the Court finds that Ward's motion to compel relating to interrogatories and requests for production is moot.

### B. Requests for Admission

Under Rule 36(a) a matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission' pursuant to Rule

---

[1] To the extent Ward argues Defendants' responses are insufficient in his reply, the Court may not consider issued raised for the first time in a reply brief. *E.g., Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

36(b)." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing Fed. R. Civ. P. 36(b)). Under Rule 36(b), "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

There is no dispute Defendants did not provide their responses within the 30 days required by the Rules. However, at this point, Ward has now received all responses to his discovery requests. (ECF No. 68 at 3.) Moreover, Ward is not prejudiced by the delay as the discovery deadline was previously extended to March 2, 2027. (ECF No. 60 at 2.) Additionally, withdrawal would promote the presentation of the merits of this action by allowing Defendants to provide accurate responses. Therefore, the Court permits Defendants to withdrawal the matters previously admitted under Rule 36.

**C. Sanctions**

Rule 26 of the Federal Rules of Civil Procedure sets the parameters for parties to obtain information and documents through discovery, and "the discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). However, "when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Id.* Under Rule 37, if the motion to compel is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A).

As reasoned above, the Court denies Ward's motion to compel, and, although significantly delayed, the requested discovery was provided to Ward before the filing of his motion. Therefore, to the extent the motion requests sanctions, Ward has not made a showing it is warranted. Thus, the request is denied.

In sum, the Court denies Ward's motion to compel for the foregoing reasons. Nonetheless, the Court emphasizes discovery is expected to proceed without significant

judicial involvement and in accordance with all rules and orders. *Sali*, 884 F.3d at 1219. Specifically, parties are required to comply with all deadlines. Additional untimely responses will not be viewed favorably. Further, to the extent there are any deficiencies with the responses provided, the parties are reminded of their meet and confer obligations under the Federal Rules of Civil Procedure and Local Rules prior to the filing of any additional discovery motions. Fed. R. Civ. P. 37(a)(1), LR 26-6(c); LR IA 1-3(f).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Ward's motion to compel discovery, (ECF No. 65), is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: November 16, 2026.

**UNITED STATES MAGISTRATE JUDGE**